# Third District Court of Appeal

## State of Florida

Opinion filed April 30, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-1993
Lower Tribunal No. 24-15187-FC-04
_____

**Teresa Cabrera,**
Appellant,

vs.

**Alberto Cabrera Miranda,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Ivonne Cuesta, Judge.

Law Office of Alan I. Karten, PLLC, and Alan I. Karten (Boynton Beach), for appellant.

Gastesi Lopez & Mestre PLLC, and Raul R. Lopez and Jennifer M. Vazquez, for appellee.

Before EMAS, SCALES, and LOBREE, JJ.

PER CURIAM.

Appellant Teresa Cabrera (Former Wife) appeals the family court's dismissal, with prejudice, of a lawsuit captioned "First Amended Complaint for Declaratory Judgment." In this lawsuit, initially filed on August 12, 2024, Former Wife seeks to invalidate her August 19, 2021 Marital Settlement Agreement (MSA) with appellee Alberto Cabrera Miranda (Former Husband). The MSA was approved as part of the November 1, 2021 final judgment entered in the parties' marriage dissolution action (lower tribunal case number 2021-020318-FC-4).

Former Husband moved to dismiss Former Wife's lawsuit, arguing that, because the parties' MSA was actively being litigated in two cases pending in the circuit court's civil division,[1] Former Wife should have brought her claims in those cases, and that by bringing a separate action in the family division, Former Wife essentially was forum shopping. Former Husband's dismissal motion also alleged that Former Wife's lawsuit was brought as a separate declaratory judgment action – rather than a motion filed in the dissolution action to invalidate the parties' MSA – in an attempt to avoid the time limitations prescribed in Florida Family Law Rule of Procedure 12.540.[2]

---

[1] These cases are lower tribunal case numbers 2023-026103-CA-01 and 2024-006744-CA-01.

[2] This rule, like the parallel Florida Rule of Civil Procedure 1.540, requires that a motion seeking to vacate a final judgment in a dissolution action be

2

After conducting a hearing on Former Husband's dismissal motion, for which we have no transcript, the trial court entered the challenged order dismissing Former Wife's lawsuit with prejudice. We affirm the challenged order but remand to the trial court to enter an amended order clarifying that its order is without prejudice to Former Wife timely asserting her claims related to the parties' MSA in the actions pending in the civil division of the circuit court.

Affirmed and remanded.

---

brought within a reasonable period of time but, in most cases, not later than one year from the rendition of the final judgment. Former Wife's August 2024 lawsuit was filed well over one year after the parties' MSA was approved in the November 1, 2021 final judgment in the dissolution action.